# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-061V**
(Not to be Published)

| | |
|---|---|
| ARTHUR BINKOWITZ, Petitioner, | Special Master Corcoran |
| v. | Filed: May 4, 2018 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act; Denial Without Hearing. |

*Howard S. Gold*, Gold Law Firm, Wellesley Hills, MA, for Petitioner.

*Ilene C. Albala*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On January 13, 2017, Arthur Binkowitz filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the influenza ("flu") vaccine he received on January 14, 2014, caused him to suffer a significant aggravation of a pre-existing neuropathy. *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records from April to November 2017, Respondent filed a Rule 4(c) Report on January 5, 2018, contesting Petitioner's right to damages (ECF No. 20). The parties did not file a Statement of Completion.

I held a status conference with the parties on January 17, 2018, at which time I discussed the overall viability of Petitioner's claim, and proposed a deadline for Petitioner to retain an expert to opine in this matter. *See* Non-PDF Order, dated Jan. 17, 2018. I specifically directed Petitioner to file an expert report on or before March 30, 2018. *Id.* Thereafter, Petitioner filed a motion for an extension of time to the file the report. *See* ECF No. 21. According to Petitioner's motion, counsel retained Dr. Marcel Kinsbourne to conduct a medical review of his case, which he was still in the process of completing. *Id.* Thus, in a Non-PDF Order, dated March 30, 2018, I extended Petitioner's deadline to file an expert report to May 18, 2018.

On May 2, 2018, Petitioner filed the present motion to voluntarily dismiss his claim (rather than file an expert report), indicating that in his view he would be unable to prove entitlement to compensation in this case based on an investigation of the medical facts supporting his claim. *See* Motion for a Decision, dated May 2, 2018 (ECF No. 22). Respondent otherwise does not oppose the motion. *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Mr. Binkowitz suffered a Table injury. Furthermore, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Binkowitz's alleged significant aggravation of a pre-existing neuropathy was caused by the flu vaccine that he received on January 14, 2014.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master